IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MAGGIE BAYLIS                                                                                          PLAINTIFF

v.                                                              CIVIL ACTION NO. 1:13-cv-00114-GHD-DAS

WAL-MART STORES, INC.                                                                                  DEFENDANT

MEMORANDUM OPINION DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT OR PARTIAL SUMMARY JUDGMENT

Presently before the Court is Defendant's motion for summary judgment or partial summary judgment [54]. Upon due consideration of the present motion, response, reply, corresponding briefs, exhibits, and authorities, the Court is of the opinion that the motion should be denied, because genuine disputes of fact exist which preclude summary judgment.

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). *See* FED. R. CIV. P. 56(a); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. 2548.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *See id.* at 323, 106 S. Ct. 2548.

Under Rule 56(a), the burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S. Ct. 2548; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

Although "a nonmovant may not overcome the summary judgment standard with conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence," *McClure v. Boles*, 490 F. App'x 666, 667 (5th Cir. 2012) (per curiam) (citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)), where the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the plaintiff, *Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007).

In the case *sub judice*, Plaintiff claims that Defendant retaliated against her based on her race in violation of Title VII and 42 U.S.C. § 1981. Direct evidence of retaliation "if believed, proves the fact of intentional retaliation without inference or presumption." *Fierros v. Tex. Dep't of Health*, 274 F.3d 187, 195 (5th Cir. 2001) (citation and internal quotation marks omitted), *overruled on other grounds* by *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 92, 123 S. Ct. 2148, 156 L. Ed. 2d 84 (2003). If there is no direct evidence of retaliation, the plaintiff must make a prima facie case of retaliation, which is governed by the *McDonnell Douglas* burden-shifting framework. *See id.*; *Foley v. Univ. of Houston Sys.*, 324 F.3d 310, 316 (5th Cir. 2003) (elements for prima facie case of retaliation under § 1981 the same as those under Title VII).

To establish a prima facie case of unlawful retaliation, a plaintiff must prove he or she (1) engaged in an activity protected by Title VII, (2) suffered an adverse employment decision, and that (3) a causal link exists between the protected activity and the adverse decision. *Aryain v.*

*Wal–Mart Stores Tex. LP*, 534 F.3d 473, 484 (5th Cir. 2008). The plaintiff "need only make a very minimal showing" to establish a prima facie case. *Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 41 (5th Cir. 1996). "An employee has engaged in activity protected by Title VII if [he] has either (1) 'opposed any practice made an unlawful employment practice' by Title VII or (2) 'made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing' under Title VII." *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996) (quoting 42 U.S.C. § 2000e-3(a)). In this case, Plaintiff has presented evidence that she filed EEOC charges and lawsuits against Defendant, that she was denied re-employment despite her submission of several employment applications, and that a causal link exists between her filing of EEOC charges and lawsuits against Defendant and Defendant's refusal to rehire her as an employee. Based on the foregoing, the Court finds that Plaintiff has established a prima facie case of retaliation.

Because Plaintiff has made a prima facie case of retaliation, the burden shifts to Defendant to "provide a legitimate, non-retaliatory reason for the adverse employment action." *See Hernandez v. Yellow Transp., Inc.*, 641 F.3d 118, 129 (5th Cir. 2011) (citation and internal quotation marks omitted). Defendant has satisfied its burden by stating that Plaintiff was not rehired because she failed to follow the proper protocol in submitting her employment applications, submitted incomplete applications, and gave Defendant reason to doubt her sincerity as an applicant. Accordingly, the Court finds that Defendant has met its burden of articulating a legitimate, non-retaliatory reason for the adverse employment action.

The burden now shifts back to Plaintiff to "prove that the protected conduct was a 'but for' cause of the adverse employment decision." *See id.* (citation and internal quotation marks omitted). "Ultimately, the plaintiff must show that 'but-for' the protected activity, the adverse

3

action would not have occurred." *Mayberry v. Mundy Contract Maint. Inc.*, 197 F. App'x 314, 317 (5th Cir. 2006) (citing *Rios v. Rossotti*, 252 F.3d 375, 380 (5th Cir. 2001)). Thus, for the retaliation claim to survive summary judgment, Plaintiff must offer evidence from which the jury could infer that retaliation—in whole or in part—motivated the adverse employment action. *See Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 655 (5th Cir. 2004); *Evans v. City of Houston*, 246 F.3d 344, 355 (5th Cir. 2001); *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 685 (5th Cir. 2001); *Swanson v. Gen. Servs. Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997). Plaintiff argues that Defendant's articulated reasons for refusing to rehire her are pretextual, and that the real reason she was not considered for re-employment was that Plaintiff had filed EEOC charges and lawsuits against Defendant alleging race discrimination and retaliation. The Court finds that genuine disputes of material fact exist as to whether Plaintiff was denied employment in retaliation for complaining about race discrimination in violation of Title VII and 42 U.S.C. § 1981, and thus, the Court will sustain Plaintiff's claims past summary judgment.

Finally, Defendant argues that even if its motion for summary judgment is denied on the merits, the Court should rule that Plaintiff is not entitled to damages. The Court finds that this matter should be addressed at trial.

### A. Conclusion

In sum, the Court finds that Defendant's motion for summary judgment or partial summary judgment [54] shall be DENIED, as genuine disputes of material fact exist on Plaintiff's claims which preclude summary judgment.

A separate order in accordance with this opinion shall issue this day.

THIS, the 5th day of January, 2015.

/s/ *signature*
SENIOR U.S. DISTRICT JUDGE

4